# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Robert G. Pleasant, Alvaro Carrillo, and Roberto Solis, | Case No. 2:16-cv-01977-JAD-BNW |
| Plaintiffs | |
| v. | |
| State Farm Fire & Casualty Co., | **Order Granting State Farm's Motion for Attorneys' fees** |
| Defendant | [ECF No. 72] |

After a three-day, non-jury trial, I entered a memorandum of disposition in favor of defendant State Farm Fire & Casualty Co. on plaintiffs Robert G. Pleasant, Alvaro Carrillo, and Roberto Solis's single remaining breach-of-contract claim.  State Farm now moves for attorneys' fees[1] under Nevada Rule of Civil Procedure 68, which provides for fee-shifting after rejection of an offer of judgment.  The plaintiffs did not file an opposition, but this district's local rules require me to conduct an independent review of the record.[2]  I grant the motion because State Farm is entitled to the attorneys' fees it incurred after the plaintiffs rejected its offers of judgment and the amount it requests is reasonable.

---

[1] State Farm also requests $31,538.57 in post-judgment costs, but I do not address that request because the Clerk of Court already taxed those costs on its unopposed bill of costs.  ECF Nos. 71; 73.

[2] L.R. 54-14(d).

**Discussion**

**I.    State Farm is entitled to attorneys' fees under Nevada Rule of Civil Procedure 68.**

Under Nevada law, attorneys' fees are not recoverable "unless authorized by statute, rule, or agreement between the parties."[3]  Rule 68 of the Nevada Rules of Civil Procedure authorizes a litigant to make an offer of judgment to resolve a case.  If the defendant makes an unconditional offer under the rule and the plaintiff rejects it and fails to beat it, the court can order the plaintiff to pay the defendant's attorneys' fees "from the time of the offer."[4]  "In making such an award of attorney fees, the district court must carefully review" the factors established by the Nevada Supreme Court in *Beattie v. Thomas*: "(1) whether the plaintiff brought the claim in good faith, (2) whether the defendants' offer of judgment was reasonable and brought in good faith in both its amount and timing, (3) whether it was grossly unreasonable or an act in bad faith for the plaintiff to reject the offer and proceed to trial, and (4) whether the fees sought are reasonable and justifiable in amount."[5]  When the court "properly considers these *Beattie* factors, the award of attorneys' fees is discretionary . . . ."[6]  Because this state-law, offer-of-judgment rule is substantive and does not conflict with the federal rule, it applies in this diversity case.[7]

---

[3] *First Interstate Bank of New v. Green*, 694 P.2d 496, 498 (Nev. 1985).

[4] Nev. R. Civ. P. 68(f)(1)(B).

[5] *Ozawa v. Vision Airlines, Inc.*, 216 P.3d 788, 792 (Nev. 2009) (citing *Beattie v. Thomas*, 668 P.2d 268, 274 (Nev. 1983)).

[6] *LaForge v. State, Univ. & Cmty. Coll. Sys. of Nevada*, 997 P.2d 130, 136 (Nev. 2000).

[7] *See MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1284 (9th Cir. 1999); *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n.31 (1975) ("In an ordinary diversity case where the state law does not run counter to a valid federal statute or rule of court, . . . state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed.") (citations omitted); *see also Cheffins v. Stewart*, 825 F.3d 588, 597 (9th Cir. 2016).

2

Soon after filing a proposed joint pretrial order, State Farm made unconditional offers of judgment to each plaintiff on March 13, 2019.[8]  The offers totaled $10,000; $15,000; and $25,000 for Pleasant, Carrillo, and Solis, respectively, and were inclusive of interest, costs, and attorneys' fees.[9]  No plaintiff accepted the offer, so the case moved to a three-day, non-jury trial[10] that ended with a judgment in State Farm's favor.[11]  So the plaintiffs rejected offers of judgment but failed to obtain more favorable judgments, entitling State Farm to attorneys' fees under Nevada Rule of Procedure 68 if the *Beattie* factors weigh in its favor.

Having presided over this case from its inception, I conclude that all four *Beattie* factors weigh in State Farm's favor.  As discussed in my memorandum of disposition, the evidence at trial showed that the plaintiffs' accounts of their injuries were not credible from the very beginning.[12]  I thus determined that "any care, treatment, or procedures beyond the first urgent-care/emergency medicine visit and two follow-up appointments, plus eight weeks of chiropractic care, were not necessary for those accident-related injuries."[13]  But because the plaintiffs offered no evidence of the underlying insurance policy's terms—and no evidence of what, if anything, State Farm paid them—I could not find that State Farm breached the contract by failing to pay for those medical expenses.[14]  Based on these findings, I cannot conclude that the plaintiffs acted in good faith in filing this lawsuit, and I must conclude that State Farm's offers of judgment were

---

[8] ECF No. 72 at 25–27, 31–33, 37–39.

[9] *Id.*

[10] ECF No. 67.

[11] ECF No. 66.

[12] *Id.* at 5–7.  I incorporate my credibility analysis from that order herein.

[13] *Id.* at 7.

[14] *Id.*

reasonable and that the plaintiffs' rejection of those offers was grossly unreasonable.  And

because the fees State Farm seeks are reasonable for the reasons discussed below, State Farm is

entitled to attorneys' fees under Nevada Rule of Civil Procedure 68.

## II.   State Farm's requested fees are reasonable.

Federal courts sitting in diversity also determine the reasonableness of attorneys' fees

awarded under state law.[15]  Under Nevada law, "the method upon which a reasonable fee is

determined is subject to the discretion of the court, which is tempered only by reason and

fairness."[16]  One permissible method is the lodestar approach, which involves "multiplying the

number of hours reasonably spent on the case by a reasonable hourly rate."[17]

Nevada courts must also review the requested amount "in light of the factors set forth in"

the Supreme Court of Nevada's decision in *Brunzell v. Golden Gate National Bank*.[18]  They

include:

> (1) the qualities of the advocate: his ability, his training, education,
> experience, professional standing, and skill;
>
> (2) the character of the work to be done: its difficulty, its intricacy,
> its importance, time, and skill required, the responsibility imposed
> and the prominence and character of the parties where they affect
> the importance of the litigation;
>
> (3) the work actually performed by the lawyer: the skill, time and
> attention given to the work;

---

[15] *Mangold v. Cal. Pub. Util. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995).

[16] *Shuette v. Beazer Homes Holdings Corp.*, 124 P.3d 530, 548–49 (Nev. 2005) (en banc) (quotation omitted).

[17] *Id.* at 549 & n.98 (quotation omitted).

[18] *Haley v. Dist. Ct.*, 273 P.3d 855, 860 (Nev. 2012) (citing *Brunzell v. Golden Gate National Bank*, 455 P.2d 31, 33 (Nev. 1969)).

(4) the result: whether the attorney was successful and what benefits were derived.[19]

Finally, Local Rule 54-14 requires any application for attorneys' fees to include, as relevant here, an attorney affidavit, "[a] reasonable itemization and description of the work performed[,]" and "[a] brief summary" of 13 categories of information designed to elicit more information about the case and the work that the attorney performed.[20]

Here, State Farm requests the $106,140 in attorneys' fees it incurred after making the offers of judgment.[21] State Farm includes an affidavit and billing records showing that seven attorneys and paralegals worked on this matter at rates between $150 and $300 per hour.[22] State Farm arrives at the lodestar amount by multiplying those rates by the 471.8 hours worked.[23]

I have reviewed State Farm's motion, declaration, and billing records in light of both the *Brunzell* factors and Local Rule 54-14. I find the rates charged and amount of work performed to be reasonable based on the local legal market and under the circumstances of this case. I also find that the request for fees is properly supported by evidence. So I grant the motion and award State Farm the $106,140 in attorneys' fees it incurred after making the offers of judgment.

---

[19] *Brunzell*, 455 P.2d at 34.

[20] L.R. 54-14 (a)–(b).

[21] ECF No. 72 at 17.

[22] *Id.* at 55–79.

[23] *Id.* at 78.

5

1

**Conclusion**

2      IT IS THEREFORE ORDERED that State Farm's motion for attorneys' fees **[ECF No.**

3 **72] is GRANTED.** I award State Farm $106,140 in attorneys' fees. The Clerk of Court is

4 directed to enter an amended judgment accordingly.

5      Dated: August 7, 2020

6                                               _____

7                             U.S. District Judge Jennifer A. Dorsey

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23